IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSEPH DUANE KEUTER, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 325-075 |
| | ) | |
| SIM DAVIDSON, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee at Telfair County Jail in Milan, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I.     BACKGROUND**

Petitioner states he is a pretrial detainee who is being held by state authorities.  (Doc. no. 1, p. 1.)  Publicly available records show Petitioner has an open case in Telfair County under case number 25-R-127F: State v. Keuter, Case No. 25-R-127F (Telfair Cnty. Sup. Ct. Mar. 17, 2025), available at http://www.telfairclerkofcourt.com/search/mainpage.aspx (follow "Criminal Search" hyperlink; then search "Keuter, Joseph") (last visited July 30, 2025), Ex. A attached; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).  According to these records, Petitioner was charged with three

counts of violating Georgia's RICO Act and two counts of use of a communication facility in commission of a felony. See Ex. A. Petitioner is represented in his state criminal proceedings by attorney Matthew Maxwell, see id., and filed a motion to dismiss on May 14, 2025.[1] See id. Regarding the motion to dismiss, Petitioner states he raised Fourth Amendment claims regarding illegal search and seizure, as well as claims challenging the indictment due to a "lack of evidence / no justifiable guilt." (Doc. no. 1, p. 5.)

Petitioner does not provide the details of the charges in his petition but instead lists the case number associated with his pending criminal case, 25-R-127F. (Doc. no. 1, p. 1.) Petitioner raises four grounds for relief: (1) "have been held with no due process"; (2) "Judge lied on the bench"; (3) "due process"; and (4) "family consistently lied to by District Attorney's office, Public Defenders Office, and Court." (Id. at 6-7.) Each ground centers on Petitioner's allegations that he has "been incarcerated in pre-trial detainment for over 40 days" without "a first appearance, a bond hearing, a preliminary hearing, the right to counsel, or the right to defend [himself]." (Id.) In the form section of the petition asking about the decision or action he is challenging, Petitioner provides he is currently being illegally detained after Georgia authorities conducted a search of his South Carolina residence without a warrant. (Id. at 2.) For relief, Petitioner seeks his release and other relief. (Id. at 7.)

## II.    DISCUSSION

### A.    Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C.

---

[1] In his petition, Petitioner claims he filed two motions to dismiss. (Doc. no. 1, p. 5.) However, publicly available records reveal only one has been filed. See Ex. A.

§ 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Cherry v. Powell, No. 3:21cv1226, 2021 WL 5762774, at *2 (N.D. Fla. Nov. 3, 2021) (collecting cases and citations omitted), *adopted by* 2021 WL 5760438 (N.D. Fla. Dec. 3, 2021). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Turner v. Morgan, No. 3:12cv188, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by* 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in the Georgia state courts. Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts and/or Petitioner's ongoing state proceedings are available for Petitioner to raise claims concerning his pretrial detention and pending prosecution. See Bozzuto v. State, 276 Ga. App. 614, 616 (2005) (explaining "an appropriate remedy for improper pretrial detention is habeas corpus" and citing to Georgia Supreme Court cases deciding state habeas corpus issues); Rainwater v. Langley, 587 S.E.2d 18, 19-20 (Ga. 2003) (challenging pretrial detention in state habeas petition); Banks v. Waldrop, 531 S.E.2d 708, 708

3

(Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); McClure v. Hopper, 214 S.E.2d 503, 506 (Ga. 1975) (holding that claim based on denial of a timely first appearance may be cognizable in habeas corpus action); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Further, while Petitioner filed a motion to dismiss in his state criminal case, there is no indication the trial court has ruled on it. (See doc. no. 1, p. 5 (failing to provide the result of the May 14 motion to dismiss)); see also Ex. A. And, even if the trial court denies the motion to dismiss, Georgia law provides Petitioner may appeal that decision by seeking a certificate of immediate review and petition for interlocutory appeal. See Miller v. State, 350 S.E.2d 313, 314 (Ga. App. 1986) ("Because we conclude that this issue is one for which a certificate of immediate review and petition for interlocutory appeal were required, however, the appeal must be dismissed.").

Considering the availability of above-described state remedies, the motion to dismiss, which appears to be currently pending, is insufficient to satisfy exhaustion. Accordingly, the Court concludes Petitioner has not satisfied the exhaustion requirement. See, e.g., Harvey v. Corbin, No. CV311-074, 2011 WL 4369828, at *1 (S.D. Ga. Aug. 12, 2011) (dismissing § 2241 petition for failing to exhaust when petitioner raised grounds concerning "his due process right to a timely first appearance" and "his 'right [to] a timely indictment'" and had raised those claims in a pending motion to dismiss), adopted by 2011 WL 4369526 (S.D. Ga. Sept. 19, 2011); Brewer v. Strength, No. CV 112-132, 2012 WL 5874359, at *2 (S.D. Ga. Oct. 10, 2012) (dismissing § 2241 for failure to exhaust when Petitioner filed a motion to dismiss but it "[was]

4

unclear whether there ha[d] been a ruling on the motion"), *adopted by* 2012 WL 5874468 (S.D. Ga. Nov. 20, 2012).

### B.    Younger Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Cherry, 2021 WL 5762774, at *3 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Although he alleges constitutional violations in his state criminal proceedings, Petitioner has not argued his state proceedings are motivated by bad faith, let alone provided "substantial allegations" with evidentiary support for any such claim. See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment). Nor has Petitioner made any viable allegation of irreparable injury. See id. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief). Finally, Petitioner's ongoing state proceedings provide

5

an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA