IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSEPH DUANE KEUTER, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 325-075 |
| | ) | |
| SIM DAVIDSON, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 4.) The Magistrate Judge recommended Petitioner's § 2241 habeas corpus petition be dismissed because Petitioner failed to exhaust his state remedies, and because Younger abstention is warranted. (See doc. no. 2.) In his objections, Petitioner contends he need not exhaust state remedies because the state court has delayed ruling on his various filings, which in turn renders state remedies unavailable to him. (Doc. no. 4, pp. 1, 5-7.) He also argues exceptions to Younger abstention apply. (Id. at 7-9.) However, nothing in Petitioner's objections changes this Court's determination that this case should be dismissed without prejudice and closed.

Regarding exhaustion, Petitioner argues state remedies are unavailable because he has been held as a pretrial detainee for 110 days without receiving rulings on his state court motions. (Id. at 1, 5-7.) He also recounts he has been "trying to get forms to file a state habeas" but provides no further detail on his efforts. (Id. at 1.) "[A] court should not require exhaustion

if it has been shown 'there is an absence of available State corrective process,' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Moncus v. Jump, No. 2:22-CV-5, 2022 WL 2233156, at *2 (S.D. Ga. May 25, 2022) (citation omitted), *adopted by* 2022 WL 2210061 (S.D. Ga. June 21, 2022); see also, e.g., Crouch v. Jessup, No. 2:24-CV-32, 2024 WL 4394796, at *2 (S.D. Ga. Sept. 9, 2024) (noting "there is no evidence corrective process in the State of Georgia is unavailable" in § 2241 action challenging pretrial detention), *adopted by* 2024 WL 4392379 (S.D. Ga. Oct. 3, 2024)

Here, although Petitioner describes some delays in obtaining rulings on his state court motions and recounts challenges with filing a state habeas petition, he has failed to demonstrate the available state remedies are absent or other circumstances render the state process ineffective to protect his rights. First, he concedes his ability to file motions in the state criminal proceedings, illustrating such processes are not unavailable to him. (Doc. no. 4, pp. 1, 5.) Although he takes issue with the state court's "over 110 days" delay in ruling on his motions, a couple of months without a ruling on his motions does not rise to the level of unavailability. Moreover, his argument he is trying to get forms to file a state habeas petition is unpersuasive because he has not demonstrated he is *unable* to acquire these forms, only that he is "trying." (Id. at 1.) Accordingly, the Magistrate Judge's conclusion this case should be dismissed because Petitioner failed to exhaust state remedies remains sound.

Concerning Younger abstention, Petitioner alleges the bad faith and irreparable injury exceptions apply. (Id. at 7-9.) For bad faith, Petitioner claims the Telfair County Jail lacks legal resources and has made it hard for him to contact his public defender, which demonstrates an "intentional pattern" of misconduct that intimidates criminal defendants and forces them to take a plea deal. (Id. at 7-8.) He further alleges there is no merit to the indictment against him,

2

and he has been improperly denied bond. (Id. at 8-9.) However, as the Magistrate Judge explained, a petitioner must allege "'substantial allegations' with evidentiary support for any such [bad faith] claim." (Doc. no. 2, p. 5 (quoting Younger v. Harris, 401 U.S. 37, 48-49 (1971)).) Here, even if the Court considered Petitioner's allegations sufficiently substantial, Petitioner has failed to present any evidentiary support for his bad faith claims. Accordingly, he falls short of establishing this exception apples. For irreparable injury, Petitioner claims he faces irreparable injury to his life because he is "a victim" in the indictment, and he is being housed "with the son, wife, childhood friends, etc." of the person who allegedly tried to murder him. (Doc. no. 4, p. 9.) However, such concerns are too speculative, and the Court declines to find federal intervention into his pending state criminal proceedings is warranted based on such conjectural allegations.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the petition filed pursuant to 28 U.S.C. § 2241 without prejudice.

Further, a state prisoner seeking relief under § 2241 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal.") This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case. Moreover, because there are no non-frivolous issues to raise on appeal, an appeal

would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 5th day of September, 2025, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE